UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 06-10362 -RWZ

UNITED STATES OF AMERICA

v.

DARREN FRANKLIN

ORDER

October 22, 2012

ZOBEL, D.J.

Darren Franklin was originally charged with several drug and gun offenses in an indictment returned on April 14, 2004, Criminal Action No. 04-10117. Following delays in hearing and deciding defendant's motion to suppress, defendant moved to dismiss the indictment for violations of the Speedy Trial Act, which the court ultimately allowed, without prejudice. The government obtained a new indictment on November 8, 2006, and a jury found defendant guilty. Defendant appealed from the judgment and assigned two errors - the denial of his motion to suppress and the dismissal of the first indictment without prejudice. The Court of Appeals affirmed the judgment. Now Franklin has filed a motion under 28 U.S.C. § 2255 by which he again seeks to "vacate the conviction and dismiss the indictment, sine die" on the ground that the dismissal of the earlier indictment was improperly allowed without prejudice.

The government opposes on two grounds. First, it argues that matters that were decided on direct appeal may not be litigated again on a later motion under Section

2255 and second, that that Section does not, in any event, encompass the issue defendant raises here because he cannot show that his sentence was unconstitutional or entered without jurisdiction.  Defendant disputes that his motion seeks to relitigate the decision of the Court of Appeals.  Rather he relies on United States v. Tinklenberg, 131 S. Ct. 2007 (2011), which, he suggests, requires consideration of the entire time in excess of that properly excludable under the statute, 18 U.S.C. § 3161(h).  If the total of that time violated the "Speedy Trial Act's efforts to secure fair and efficient criminal trial proceedings," the factors spelled out in 18 U.S.C. § 3162 call for dismissal with prejudice.   The difficulty with defendant's argument is that Tinklenberg does not articulate a new standard for deciding whether a dismissal is to be with or without prejudice.  The argument also ignores the Court of Appeals discussion of the statutory factors in finding dismissal without prejudice to have been appropriate.

    Petitioner's motion to vacate (Docket # 97) is DENIED.

    Because the petition raises only issues that were decided on direct appeal, I decline to issue a certificate of appealability.

      October 22, 2012                               /s/Rya W. Zobel
            DATE                                        RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE